ANSTEAD, Chief Judge.
This is an appeal in a legal malpractice case in which the malpractice of the individual lawyer is conceded. The trial court entered summary judgment in favor of the lawyer’s former law firm, the appellee, on the grounds that any malpractice resulting in damage to appellant took place after the lawyer had terminated his relationship with *464 appellee. We reverse the entry of judgment as to Count 1 of appellant’s action and affirm the entry of judgment as to Counts 2 and 3.
Count 1 claimed malpractice and damage arising out of the appellant’s purchase of a mortgage through the alleged inducement of the lawyer. After the lawyer left the appellee firm, he secured a release of the mortgaged property from appellant but appellant was never paid the mortgage debt. While it appears clear that the improper release of the mortgaged property without payment caused the appellant damage, it is not clear that the appellant did not also sustain damage as a result of the earlier misconduct of the lawyer in inducing appellant to enter into the deal. We reject appellee’s claim that the appellant waived any claim as to the earlier misconduct by virtue of his statement of issues to be tried contained in his pretrial statement filed with the trial court.
On Couhts 2 and 3 it is undisputed that the transactions involved were initiated well after the lawyer had left the law firm and formed another firm, and that the appellant knew this. Under these circumstances, we do not believe the mere failure of the lawyer to remove the old firm’s name on the window of the' office that he continued to occupy with his new firm is sufficient to create an issue of fact on the old firm’s liability for his actions.
BARKETT, J., concurs.
WALDEN, J., concurs in part; dissents in part.